By the Court—Bosworth, Ch. J.
It is ouly where the allegation of the cause of action is unproved, not in some particular or particulars only, but in its entire scope and meaning, that a complaint can be dismissed for a failure of proof. (Code, §§ 171, 147.)
When a plaintiff proves the substance of the allegation of the cause of action; though he may fail to prove some particular or particulars of it, the variance is to be disregarded as an immaterial variance, unless the defendant shall prove at the trial, to the satisfaction of the Court, that the alleged variance has actually misled him, and in what respect it has misled him. (Id., §§ 169, 145 ; Catlin v. Gunter, 1 Kern., 368.)
Where an answer has been interposed, the plaintiff is entitled to any relief to which the facts proved entitle him, provided such facts are embraced within the issue, and the relief to be granted, be consistent with the case made by the complaint. (Id., §§ 275, 231 ; Marquat v. Marquat, 2 Kern., 336, 342.) The matters in a complaint which do not tend to show a right in a plaintiff, may be *264 disregarded as surplusage, if there are other facts which make out a cause of action. (Id., 342.)
The difference between the allegations in the complaint essential to a cause of action, and the facts as found by the Eeferee, is slight. The complaint alleges an agreement between the plaintiffs and the defendant, whereby the plaintiffs were to hire and charter a vessel for a voyage, and purchase a cargo, and the defendant was to go in the vessel on such voyage, as agent and supercargo thereof, and whereby the defendant was to have a specified part of the net profits, and pay over the residue of the proceeds of the cargo to the plaintiffs.
The Eeferee has found an agreement between the plaintiffs and defendant to charter a vessel for the voyage; purchase a cargo; that the defendant should go out in the vessel in charge of such cargo; that he was to have a share in the net profits of the adventure, and that the losses, if any, were to be borne in the proportions, that any profits made were to be shared.
It is found that the plaintiffs chartered the vessel, that a cargo was bought, the vessel sailed, the defendant went in the vessel in charge of the cargo, and sold it and received the proceeds; that the plaintiffs purchased nearly all the cargo, and paid for the whole of it except $1,288.-83, which sum was paid by moneys advanced by the defendant; that the defendant still holds $1,470.80, besides interest, proceeds of the adventure, to which the plaintiffs are entitled.
These facts entitle the plaintiff to a judgment for the $1,470.80, and interest.
But the Eeferee dismissed the complaint on the ground that the defendant, though indebted in this sum, was not indebted in a fiduciary capacity. There is no allegation in the complaint, in terms, that the defendant is indebted in a fiduciary capacity.
We infer from the ease, that the defendant was arrested and held to bail; and that the Eeferee, being of the opinion that the facts as he found them would not warrant an *265 arrest on the ground that the defendant was indebted in a fiduciary capacity, held, as a logical and legal sequence, that no recovery could be had in this action against him.
If the defendant had not been arrested and held to bail, it is not clear that the Referee would have felt any difficulty in giving judgment for the plaintiffs.
If a complaint, besides alleging the existence of a debt owing by the defendant to the plaintiff, should aver that it was fraudulently contracted, and state the facts relied on as establishing the fraud, proof of the existence of the debt would entitle the plaintiff to judgment, though no evidence should be given that it was fraudulently contracted. All the allegations as to the fraud form no part of the essentials of the cause of action. The plaintiff' would be entitled to judgment, although the defendant might have been unjustly arrested and held to bail.
There may, possibly, be some ground for saying, that the facts, if true as stated in the complaint, make a case triable by a Jury, being an action for the recovery of money only within the meaning of § 253 [208] of the Code, and that the right to costs would follow as a matter of course. (Id., § 304, sub. 4.)
And that the facts as proved make a case triable by the Court, (Id., § 254 [209],) and that the costs would be in the discretion of the Court. (Id., § 306, [261].)
The complaint avers, the duty of the defendant to account to the plaintiffs, that he has been requested to account for the proceeds of the cargo, &e., and that he has neglected and refused to account. The answer alleges that the defendant was at all times ready to account, that he has often offered to do so, and the plaintiffs have always refused to come to an accounting.
The Referee’s finding of facts does not, in terms, dispose of this issue. Without expressing any opinion in regard to the views last suggested, we are quite clear, that whether the defendant has or has not been held to bail, cannot affect the question whether the plaintiffs are enti *266 tied to recover in this action, and that on the facts found it was erroneous to dismiss the complaint.
The judgment must therefore he reversed, the report of the Referee set aside, and a new trial granted, rvith costs to abide the event.
Ordered accordingly.