By the Court, Moncrief, J.
The point mainly discussed by the learned counsel for the appellant upon this appeal, and the only one to which we propose to direct our attention, deeming all the others to be fully met and answered by the opinions delivered at the special term, is whether the fact that the defendant made an agreement with the plaintiff whereby he was iS to receive one half of the net profits,” constituted them copartners as between themselves. To make one a partner he must *703 not only share in the profits, but share in them as principal. (Loomis v. Marshall, 12 Conn. R. 77. Burckle v. Eckart, 1 Denio, 337. 3 Kent’s Com. 34. Poirer et al. v. Fisher, 8 Bosw. 258.) The defendant had no interest in the goods ; after the sale of the goods his compensation for services was fixed by the agreement to pay him a certain portion of the net profits arising from such sale. The cases are numerous in which similar arrangements have been made, and it was held that there was no partnership. (See Collyer on Partnership, §§ 23,25,26,27,28, 32, 33, and cases cited in the notes.) It is stated to be the general rule that a joint undertaking among two or more persons who are to participate in the profit and loss resulting from it, constitutes a partnership. (Sage v. Sherman, 2 N. Y. Rep. 417. Chase v. Barrett, 4 Paige, 148.) The defendant, by his agreement, was not liable for any losses. The only sense in which he can be said to participate in losses is by the reduction of the amount which he may receive by reason of losses by depreciation of stock, bad debts, &c. &c. being deducted from the gross profits prior to his compensation being ascertained. If the losses should exhaust the gross profits, his labor and services would be rendered without receiving pecuniary reward therefor, but the losses would be borne solely by the plaintiff, who, under the agreement, could not require the defendant to contribute for any portion thereof. (4 Sandf. 311. 5 N. Y. Rep. 186. 5 Denio, 68. 25 Barb. 13.) The action being one in which an order of arrest can issue as of course, (in which after judgment finding an indebtedness arising out of fiduciary relations between the parties, an execution against the person can issue irrespective of an order having previously been granted,) it is not proper to try the case upon the merits upon application to set aside the order of arrest. It ist by no means clear upon the case as presented, that a verdict for a larger amount may not be rendered against the defendant than that in which he has been holden to bail.
The orders were correct, and must be affirmed.