EDWIN R. RICHARDSON, Appellant, *v.* WILLIAM E. HUGHITT, Impleaded, etc., Respondent.

A person, who has no interest in the business of a firm, or in the capital invested, save that he is to receive a share of the profits, as a compensation for services, or for money loaned for the benefit of the business, is not a partner, and cannot be held liable as such by a creditor of the firm.

Defendant H. entered into an agreement with B. Bros. & Co., by which that firm agreed to manufacture and deliver to H. 200 lumber wagons; he agreed to advance fifty dollars on each; the wagons were to be sold and H. to receive one-fourth of the profits and his advances, with interest at five and one-fourth per cent. In an action to charge H., as a partner, with a debt of said firm, *held,* that the agreement did not constitute a partnership, but was a contract for a loan, the provision as to profits being merely a mode of providing a compensation for the use of the money advanced; also, that if the contract was usurious, plaintiff could not avail himself thereof.

*It seems,* that such a contract is not usurious.

*Leggett* v. *Hyde* (58 N. Y., 272, 280); *Parker* v. *Canfield* (37 Conn., 250), distinguished.

(Argued December 16, 1878; decided January 21, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, affirming a judgment in favor of defendant Hughitt, entered on a decision of the court on trial, without a jury.

This action was brought to recover rent due under a lease from plaintiff to the firm of Bench Bros. & Co. Defendant Hughitt alone answered, denying that he was a member of said firm.

The following facts appeared upon the trial: The defendants, Bench and Hogeboom, were co-partners in the business of making wagons and other carriages, at Auburn, for many year prior to the 1st of October, 1870. The name of their firm was "Bench Bros. & Co." On that day Hughitt made an agreement in writing, with the firm, by which he agreed to lend them money, for which he was to be secured, and to receive compensation, as provided in

the agreement. The mode of securing and compensating him was substantially as follows :

Bench Bros. & Co. were to make 200 lumber wagons in one year from the date of the agreement, warrant them and deliver them into the possession of Hughitt, and use their best efforts to sell them within the year. Hughitt was to advance to Bench Bros. & Co. fifty dollars on each wagon so delivered, to be paid on the first day of each month after such delivery. At the time of each advance, Bench Bros. & Co. were to render an account of sales of said wagons, for the previous month, and pay to Hughitt one-fourth of the net profits thereon, and the said advances made, with interest on such advances at five and one-quarter per cent, so far as the cash received therefor would go, and the balance in notes on interest at seven per cent, received on such sales, to be selected by Hughitt at five per cent. off from their face, and to be indorsed by Bench Bros. & Co. By subsequent similar agreements the arrangement between the parties was extended to December 21, 1872. The lease in question was executed in August, 1872.

*Rollin Tracy,* for appellant. Hughitt was liable as a partner for the debts of the firm. (Metcalf on Contracts, 114, 115, 117; *Greenwood* v. *Brink,* 3 T. & C., 742, 743; *Man. Brass. Co.* v. *Sears,* 45 N. Y., 797; *Ont. Bk.* v. *Hennessey,* 48 id., 545; *Parker* v. *Canfield,* 37 Conn., 250; 9 Am. R., 317; *Leggett* v. *Hyde,* 58 N. Y., 272; 1 Lindley on Parts. & Cos., 25, 35; *Dob* v. *Halsey,* 16 J. R., 34; *Bathold* v. *Goldsmith,* 24 How. [U. S.], 542, 543; *Catskill Bk.* v. *Gray,* 14 Barb., 475.)

*H. V. Howland,* for respondent. Hughitt was not liable as a partner, either as to the firm or third persons, he was simply a lender. (*Fitch* v. *Hull,* 25 Barb., 13; *Burckle* v. *Eckert,* 1 Denio, 337; affi'd, 3 Coms., 132; *Vanderberg* v. *Hull,* 20 Wend., 70; *Lamb* v. *Grover,* 47 Barb., 317; *Turner* v. *Bissell,* 14 Pick., 192; *Denny* v. *Cabot,* 6 Metc., 82;

*Tracy* v. *McManus*, 58 New York, 257 ; *Waugh* v
*Carver*, 1 Smith [5th edition] ; *Meyer* v. *Schaeher*, 38
Law Report [N. S.], 97 ; 17 Albany Law Journal,
271.)

MILLER, J. The facts in this case are uncontradicted ;
and the question to be determined is whether Hughitt had
such an interest in the profits of the business of Bench Bros.
& Co. as to render him liable, jointly, as a partner, with the
other defendants to third parties. Hughitt was to advance
money upon the wagons manufactured, upon the terms pro-
vided for in the contract, and with the single exception of the
provision made therein, that Bench Bros. & Co. were to pay
one-fourth of the net profits upon the sales of wagons, with
interest on the advances made at five and one-quarter per
cent, so far as the cash received would go, and the balance in
notes on interest at seven per cent. There is no question, I
think, that the contract between the parties related to a loan
of money alone, upon the terms stated therein. Nor am I
prepared to assent to the proposition that this portion of the
agreement, considering the facts connected with it, and the
terms employed in the same, created a partnership between
the contracting parties. The true construction of the instru-
ment evidently is, that it was a contract between the lender
and the borrower ; and the provision made as to the profits
was merely a mode of providing a compensation to Hughitt
for the use of the money which he had advanced ; and that
the share of the profits which Hughitt was entitled to receive
was not as a partner, but on account of the debt owing to
him by the firm of Bench Bros. & Co.

The general rule no doubt is that to constitute a partner-
ship, there must be a community of interests *inter sese*, and
that the parties should share the profits and loss : (3 Kent,
23; *Pattison* v. *Blanchard*, 1 Seld., 186.) This, however, is
not without exception and where there is an agreement for
sharing in the profits of a business, in some cases it is suffi-
cient to establish a partnership as to third persons. See

*Manhattan Brass Manufacturing Co.* v. *Sears* (45 N. Y., 797). And here comes in another exception to the rule last stated, which is, that where the person has no interest in the capital or business, and is to be remunerated for his services by a compensation from the profits, or measured by the profits, or what is to depend, as in case of seamen or other voyages, upon the result, it has no application. Where then one is only interested in the profits of a business as a means of compensation for services rendered, he is not a partner : (*Leggett* v. *Hyde*, 58 N. Y., 272, 280; *Smith* v. *Bodine*, 74 id., 30; *Vanderburgh* v. *Hull*, 20 Wend., 70; *Burckle* v. *Eckhart*, 1 Denio, 337, on appeal 3 Coms., 132; *Fitch* v. *Hall*, 25 Barb., 13; *Lamb* v. *Grover*, 47 id., 317; 1 Smith's Leading Cases [5th Am. ed.], 292.) These cases fully sustain the doctrine laid down, that where the profits are a measure of compensation, no partnership is created. By the contract in this case, the money was advanced by Hughitt to the firm, and was in the nature of a loan. It did not constitute a portion of the capital of the firm, and was not to go into its general business. Hughitt was to be repaid principal and interest, and the wagons were only transferred to him as security for the loan. The amount of profits which were to be received by Hughitt was as a compensation for loaning the money, and not as the profits of a partner.

While the cases cited by the appellant's counsel uphold the general rule, that an agreement to share the profits is sufficient to constitute a partnership as to third persons, none of them are applicable, when it is apparent, as it is here, that the profits were merely a measure of compensation. In *Leggett* v. *Hyde* (*supra*), which is especially relied upon, the money was advanced with a view to a partnership, and for the benefit of Hyde himself. It was not a loan, and no interest was to be paid on the same. It was evidently not intended as a measure of compensation alone ; and the defendant, Hughitt, comes directly within the very exception laid down in the opinion of the court to which we have already adverted.

In *Parker* v. *Canfield* (37 Conn., 250), cited by appellant's counsel, the defendants had been engaged in business, and some of them had advanced money, and the business was prosecuted, for a short time, under the arrangement. The parties being advised that the arrangement would make the parties so advancing the moneys partners, it was thereupon agreed that the moneys so advanced should be regarded as a loan. Notes were given accordingly, and it was agreed that, in consideration of the trouble and expense in procuring the money loaned an accurate account of the profits should be kept, and paid, equal to one-sixth, as a compensation only for procuring the loan. It was held that the persons loaning the money were partners, liable for the debts incurred. Here was a manifest attempt to evade responsibility as partners, and hence, differs entirely from the case at bar; and while the remark of the judge, as to the liability of parties, who participate in profits, lending money to be used in business, might be very appropriate as a general rule, it has no direct application beyond this. If, however, it may be regarded as including all cases where advances are made, we think it is not in conformity with the rule which prevails in this State, and cannot control in the case at bar. It may also be remarked that, in the cases cited by the appellant, the party was to have a property in the profits, and not a right of action merely to recover the money loaned.

It is urged that, if the relation of borrower and lender between the parties existed, the amount to be received would be largely in excess of the legal rate of interest, and, upon its face, the contract would be usurious. As the defendant was only to receive less than seven per cent interest, as a fixed and certain sum, and there is no certainty that the profits, discounts, and interest agreed upon — five and one-quarter per cent — would exceed, or even amount to seven per cent, it is not apparent that the contract was usurious. But if the contract was usurious, then it was a loan of money; and it is not manifest how the plaintiff can avail himself of the usury, to recover in this action.

We have examined all the exceptions taken upon the trial to the various rulings of the court, and are unable to find, in any of them, any sufficient ground for reversing the judgment. It must therefore be affirmed.

All concur.

Judgment affirmed.