JACOB L. HAAS AND OTHERS, PLAINTIFFS, *v.* EDWIN ROAT, DEFENDANT, IMPLEADED, ETC.

*Partners — When an interest in the profits renders one liable as such, to third persons.*

The defendant Roat advanced $700 to the defendant Mear, a traveling showman, upon the agreement that after the payment of all expenses Roat was to receive back the $700 and have one-half of the net profits.

*Held*, that the defendants were partners as to third persons irrespective of any agreement to the contrary between themselves.

*Haas* v. *Roat* (16 Hun, 526) followed.

MOTION by the defendant for a new trial on a case and exceptions, ordered to be heard in the first instance at the General Term, after a verdict directed for the plaintiffs at the Erie Circuit.

*Thomas Corlett,* for the defendant.

*George Wadsworth,* for the plaintiff.

HARDIN, J.:

Formerly (16 Hun, 526) when this case was here, it was held that defendant Roat advanced $700 to defendant Mear, a traveling showman, upon the agreement that after payment of all expenses Roat was to receive back the $700 and one-half of the net profits, and that " the defendants were partners as to third persons irrespective of any agreement to the contrary between themselves."

And it was said in the opinion of TALCOTT, J., that such is the " law already established in this State," for which he cited *Manhattan Brass Company* v. *Sears* (45 N. Y., 797); *Ontario Bank* v. *Hennessey* (48 id., 555); *Leggett* v. *Hyde* (58 id., 272); *Greenwood* v. *Brink,* (1 Hun, 227).

Upon the trial now brought here for review the evidence of the defendant Roat as given in the first trial was brought in and was read, and he was also examined as a witness. He said that the testimony given in the former trial was true, and that he had " nothing more to say concerning that arrangement but what I have said now and said before."

The evidence was held on the former appeal to indicate that Roat was to have a proprietary interest in the profits of the business.

He says on this trial that Mear was " to pay me back my money and one-half the net profits." " That was the arrangement between us."

The prior decision is applicable to the case as now here presented, and requires us to adhere to the opinion then expressed. Since that decision several decisions have been made by the Court of Appeals, which the learned counsel for the defendant insists call for a different result here now. We do not so understand the cases.

In *Richardson* v. *Hughitt* (76 N. Y., 58) it was distinctly stated that the money was in the nature of a loan, and " it did not constitute a portion of the capital of the firm, and was not to go into its general business." The amount of profits which were to be received by Hughitt was a *compensation* for loaning the money, and *not as the profits* of a partner. In the case of *Burnett* v. *Snyder* (76 N. Y., 351) it was said: " If the firm earned profits

Snyder could not compel a division, for in the general profits of the firm he has no interest." That case is distinguishable from the one in hand.

So, too, is the case of *Burnett* v. *Snyder* (81 N. Y., 555), in which ANDREWS, J., says : "But the participation in the profits of a trade which makes a person a partner as to third persons is a *participation* in the *profits as such,* under circumstances which give him a proprietary interest in the profits before division as principal trader."

In the course of this opinion he approves and states the rule as laid down in *Leggett* v. *Hyde* (58 N. Y., 272).

In *Curry* v. *Fowler* (13 Weekly Dig., 287) the doctrine of the case of *Richardson* v. *Hughitt* (76 N. Y., 58) is approved and reapplied in an opinion by the same judge who wrote in the case in 76 New York, and it is again stated that "a person who has no interest in the business of a firm or in the capital invested, save that he is to receive a share of the profits as a compensation for services, or for money loaned for the benefit of the business, is not a partner and cannot be held liable as such by a creditor of a firm."

In the case in hand the defendant was to advance and furnish money to aid in getting ready for the business, and a joint venture was agreed upon, and out of which was to come back to the defendant Roat the money put in by him as part of the capital, and one-half of the net profits *as such,* which, as they accrued, were to be his property — his share of the venture. (*Rosenfield* v. *Haight,* 25 Alb. Law Jour., 158.)

It was proper to allow evidence tending to show why the account was entered upon the books of the plaintiff by their book-keeper.

Though the manner in which the account was entered in the plaintiff's books was not very material, the explanation made was harmless. In the view we have taken of the main question in the case, it becomes unimportant to consider the ruling as to Roat's knowledge of what became of the assets of the traveling show. Nor was there any error prejudicial to the defendant in the trial judge's ruling admitting the whole of a statement made upon a former trial, which had been proven in part by the defendant. (*Roberts* v. *Roberts,* 25 Alb. Law Jour., 96, and cases cited.)

As the agreement as *stated by* the defendant Roat, as a witness, is the one upon which the verdict rests, there was no question of fact

upon which we can say the jury would have been justified in finding for the defendant. There was therefore no error in directing a verdict.

Motion for a new trial denied ånd judgment ordered for plaintiffs upon the verdict. (*Bank* v. *Dana*, 79 N. Y., 116.)

SMITH, P. J., concurred; HAIGHT, J., not voting.

Motion for new trial denied and judgment ordered for plaintiffs upon verdict.