JOHN P. MAGOVERN AND OTHERS, APPELLANTS, *v.* EVOLIN B. ROBERTSON AND OTHERS, RESPONDENTS.

*Partnership — when a person sharing in the profits is not liable as a partner.*

In this action, brought to recover the value of goods, wares and merchandise for which the defendants were claimed to be liable as partners, it appeared that the defendant Evolin Robertson entered into a written agreement with the other defendants by which she agreed to put a stock of goods, worth at least $3,000, in the store of one John R. Robertson, her husband, in the village of Busti, and to induce him to manage the store. The other defendants agreed to indorse her paper to the amount of $3,000, which sum was to go into the business, and they were to have an interest at all times in the goods in the store to the amount of their indorsement, subject, however, to no liability except such indorsement.

At the end of a year an invoice was to be taken in the presence of two of the defendants, and the defendants were to be paid one-third of the net profits, if any, for their indorsement and general interest in the business, and if at any time during the year a majority of the parties of the second part should so request in writing, an invoice of the stock of goods should be taken, and if it was ascertained that any considerable loss had been sustained, and they so demanded, then the said Evolin was to turn over a sufficient amount of the goods to secure them against any liability for their indorsement, or was to cause the paper to be canceled.

*Held,* that the agreement did not make the defendants partners of Evolin, as between themselves or as to creditors.

APPEAL from a judgment in favor of the defendants, entered in Chautauqua county, upon the report of a referee.

*William H. Henderson,* for the appellants.

*A. C. Pickard,* for the respondents.

HAIGHT, J.:

This action was brought to recover for goods, wares and merchandise, consisting of boots, shoes and rubbers, of the value of $1,281.59, alleged to have been sold by the plaintiffs to the defendants, as copartners. The defendant, Evolin B. Robertson, does not answer. The other defendants deny that they were copartners.

The referee, among other things, has found that the defendant Evolin B. Robertson, in or about the month of April, 1881, proposed to the other defendants to open a store at Busti for the sale of dry goods, groceries and such other goods as are usually sold in a village or country store; that she said to the other defendants that she had not sufficient means with which to engage in such business unaided, and desired assistance in establishing the same; that thereupon the following contract was executed:

"Memoranda of an agreement made and entered into this 30th day of April, 1881, by and between Evolin B. Robertson, of the village of Mayville, Chautauqua county, N. Y., of the first part, and M. Mattison, W. B. Martin, C. H. Johnson, Oren Stoddard, James Moon, W. Holt, A. C. Pickard, R. D. Bush, H. D. Stoddard, A. M. Rinehart, Jackson and Hollenbeck, W. H. White, A. W. Smith, Mark Jones, J. H. Wood, J. W. Broadhead, of the town of Busti, said county, of the second part, witnesseth: That for and in consideration of the covenants hereinafter expressed the said party of the first part hereby covenants and agrees, to and with the said parties of the second part, to put in a stock of dry goods, groceries, hats, caps, boots and shoes, etc., in what is known as the John R. Robertson store building, situate in Busti village; said stock to be at least of the value of three thousand dollars, to be replenished from time to time as it runs below that amount; the said party of the first part to procure the services of John R. Robertson to manage said store and devote his time thereto to the interests of the business. The parties of the second part agree to

indorse the paper of the said party of the first part to the amount of two thousand dollars, which sum is to go into the business, and the parties of the second part are to have an interest at all times in the goods in said store to the amount of their indorsement, subject, however, to no liability except such indorsement. At the end of one year the party of the first part is to cause an invoice of the goods on hand to be taken in the presence, if so required, of two of the parties of the second part, and the net profits of said business, including all commissions received for buying hides, butter, cheese, wool and other produce received by said manager, and after deducting insurance on goods, fuel, lights, additional clerk hire, freights and other necessary expenses of the business, to be divided as follows : Two-thirds of said net profits to belong to the party of the first part in consideration of her capital and management of said business through said J. R. Robertson, and the use of said store building, and the other one-third of said net profits are to be paid to the said parties of the second part, *pro rata*, in consideration of their said indorsement and their general interest in the business. It is further stipulated by and between the said parties, that at any time previous to the expiration of said year, when a majority of the parties of the second part shall make a request in writing to that effect, the party of the first part shall cause an invoice of the stock of goods on hand to be taken in the presence of two of the parties of the second part, and if it be ascertained that the business is sustaining any considerable loss, and the said parties of the second part so demand, the party of the first part shall turn over sufficient amount of said goods to secure said parties of the second part against any liability on account of said indorsement, or relieve said parties of the second part from said indorsement, by causing said indorsed paper to be canceled. And it is further agreed by and between the parties that if, at the end of one year, it be ascertained that there has been a profit in said business, and the party of the first part so require, the provisions of this agreement shall extend another year, but if the party of the first part desires to continue said business without the aid of said indorsement, then this contract from and after that date becomes abrogated. Said parties to this contract are to do what they reasonably can to make said business a success. In witness whereof, we have hereunto set our hands and seals this 29th day of April, 1881."

The said contract was signed and sealed by all the defendants. That on the 7th day of May, 1881, the defendant Evolin B. Robertson made her promissory note for $2,000, payable to the order of J. R. Robertson, at the First National Bank of Jamestown, and that the same was indorsed by the payee and by all of the other defendants except Davis H. Matthews and the maker of such note, and that the proceeds of the note went into the business and was used, made and indorsed in compliance with the agreement above set forth, and when the note matured a like note was given in renewal, indorsed by most of the defendants, and a second renewal was made like the first, and the proceeds of the original note were by such renewals kept in the business until December, 1881, when the business terminated. That the J. R. Robertson named in the contract became the manager of the store referred to in the contract, and called the same "The Busti Union Store," by which, or some similar name, the business of the store was carried on, and by that name its checks were drawn upon a bank account kept by the manager, some of which checks were drawn, delivered and accepted by some of the defendants for produce sold at the store, and to some extent the same name was used on advertising cards which were given away in the store to customers, and that the name was used openly and without concealment, as the name under which the business contemplated by the contract was carried on.

As a conclusion of law the referee found that the contract did not constitute or create a partnership between the defendants as to third persons, and that the complaint should be dismissed as to the defendants answering. The question presented for our determination turns upon the construction to be given to the contract.

The contract, as we have seen, is between Evolin B. Robertson of the first part and the other defendants of the second part. She agreed to put in a stock of goods in the John R. Robertson store, in the village of Busti, of at least the value of $3,000, and to procure the services of John R. Robertson, her husband, to manage the store and devote his time to the interests of the business. The parties of the second part agreed to indorse her paper to the amount of $2,000, which sum was to go into the business, and they were to have an interest at all times in the goods in the store to the amount of their indorsement, subject, however, to no liability

except such indorsement. At the end of a year an invoice was to be taken in the presence of two of the parties of the second part, and out of the profits the parties of the second part were to be paid one-third of the profits, if any, in consideration for their indorsement and their general interest in the business, and if at any time during the year a majority of the parties of the second part should so request in writing, an invoice of the stock of goods on hand should be taken in the presence of two of their number, and if it be ascertained that the business was sustaining any considerable loss, and they so demanded, the party of the first part agreed to turn over a sufficient amount of the goods to secure the parties of the second part as against any liability on account of their indorsement, or else the party of the first part should relieve them by causing their indorsed paper to be canceled. The party of the first part was given the right, at the end of the year, to terminate the contract and continue the business without the aid of the indorsement of the parties of the second part.

No joint ownership in the stock of goods is given to the parties of the second part by express terms, and we do not think it can be implied. They are only given an interest in the goods in the store to the amount of their indorsement, and this indorsement is given subject to no liability except such indorsement. They are not given any right to control, manage or conduct the business. They are not given any interest in the goods after the termination of the contract. Only two are permitted to be present at the taking of the invoice. They are only entitled to have a sufficient amount of the goods turned over to them to secure them against loss on account of their indorsement, in case it should be ascertained that there was any considerable loss in the business, and at the end of the year they are to receive one-third of the net profits in consideration for their indorsement. We do not understand that this would constitute them copartners as to the defendant Robertson or as to third persons.

It was doubtless the rule in England at an early day that a participation in the profits of a trade made one liable as a partner to third persons. (*Grace* v. *Smith*, 2 Wm. Bl., 998; *Waugh* v. *Carver*, 2 H. Bl., 235.) But this doctrine was substantially overturned in the case of *Cox* v. *Hickman* (8 House of Lords Cases,

301), since which time numerous cases are to be found in the books making exceptions to the ancient rule.

The case of *Leggett* v. *Hyde* (58 N. Y., 272), the strongest case in support of the appellants' theory to which our attention has been called, in effect holds that one interested in the profits of a business as a means of compensation for services is not liable to third persons as a partner ; and to the same effect is the case of *Greenwood* v. *Aldridge* (1 Hun, 227).

A still further exception to the old rule is made in the case of *Richardson* v. *Hughitt* (76 N. Y., 55). It was there held that a person who has no interest in the business of a firm or in the capital invested, save that he is to receive a share of the profits as a compensation for services, *or for money loaned for the benefit of the business,* is not a partner, and cannot be held liable as such by a creditor of the firm. This case has been subsequently approved in the cases of *Burnett* v. *Snyder* (81 N. Y., 550); *Curry* v. *Fowler* (87 id., 33–38), and *Cassidy* v. *Hall* (97 id., 159).

Under the view which we have taken of the contract, the defendants answering merely gave to Mrs. Robertson credit for $2,000, by indorsing for her to that amount. As a consideration for the indorsement she was to give them a share in the profits, and under the authorities to which we have referred this would not constitute them copartners.

Again, it appears that the plaintiffs sold the goods in question under full knowledge of the existence and contents of the contract. The witness Jackson testified, and he was not disputed, to a conversation with Chaffee, the plaintiffs' agent who sold the goods, in which he told him of the existence of the contract and what it contained.

The question of misjoiner of the defendants was discussed upon the argument, but under the view which we have taken of the contract we do not deem it necessary to here consider that question.

The judgment should be affirmed.

SMITH, P. J., BARKER and BRADLEY, JJ., concurred.

Judgment affirmed.