Brady, J.
This action was brought against the defendant’s as co-partners. The process seems to have been served upon the defendant Powter only. The allegation *432 upon which the plaintiff proceeded was that the defendant was a co-partner of Elizabeth Habich, who held a lease of a certain Guano island lying to the south of the Island of Jamaica, and known as the Pedro Cayo. The debt due to the plaintiff from the defendant it was stated was contracted in Kingston, Jamaica, in the transaction of his business, which was carried on under the name of the Pedro Cayo Phosphate Company.
The question presented is, whether under the agreement, to which reference will be made, between the defendant and Mrs. Habich, the former became the co-partner of the latter. The instrument is dated the 31st of October, 1881. By the first paragraph it is stated that Mr. Powter having acted as the manager and agent of the business of the Pedro Cayo Company on behalf of Mrs. Habich, she will, so long as he shall continue to devote his time and attention to the business, allow him, and after his decease, his representatives, as and for his renumeration and in full of all claims for services, including past services, an equal half part of the net profits to arise from the business during the subsistence of the lease held by her.
There can be no doubt that under this agreement Mr. Powter was made the manager of the business, and that he was to receive one-half of the net profits arising from the business as compensation.
There is, however, no evidence that he had any other interest in the business. It is not alleged and it was not attempted to be proved that he had held himself out as a .co-partner. Indeed no such question is presented by the record. The liability of the defendant rests wholly upon the construction to be given to the agreement, to which attention has been called, and upon that alone. The rule on that subject is distinctly stated in the case of Richardson v. Hughitt (76 N. Y., 55), and'it is as follows: Where one is only interested in the profits of the business as the amount of compensation for services rendered, he is not a partner. Per Miller, J., who after citing a number of adjudications, says: “These successfully sustain the doctrine laid down that where the profits are the measure of compensation no partnership is created. See also Eager v. Crawford (id., 97); Burnett v. Snider (id., 344); Curry v. Fowler (87 N. Y., 33); Cassidy v Hall (97 N. Y , 169)
The learned counsel for the respondent assumes that this is a case in which the defendant has an interest in the capital of the business and that, therefore, he is liable as a ■copartner. The suggestion is made in Richardson v. Hughitt, that under such circumstances a person who is to receive compensation in profits only may be a copartner even .as to to third persons. Butin this case the interest in capi *433 tal does not exist. The capital is the lease which is owned by Mrs. Habick in which the defendant has no interest except that which springs out of his engagement by her as a manager of the business which the lease enabled her to carry on. It is very different, therefor, from the case of the Manhattan Brass Manufacturing Co. v. Sears (45 N. Y., 797), which is one of the cases relied upon by the respondent, for in that case it was said: “ Here are all the elements of a partnership as claimed by any writer:
“First. Sharing in the profits.
“Second. Sharing in the losses at least to the extent of •$4,000, the repayment of the whole of which depended on the profits.
“ Third. The right to inspect the books.
“ Fourth. A common interest in the stock of the company.”
The distinction which is drawn in this action is recognized in the case of Legget v. Hyde (58 N. Y., 272), in which it is said: “ The test of a partnership is the community of profit—a specific interest in the profits as profits, in -contradistinction to a share of the profits as a compensation for services. ”
We think that for these reasons the judgment appealed from was wrong and should be reversed and new trial ordered, with costs to abide the event.
Van Brunt, P. J., and Daniels. J., concur