Learned, F. J.
This is an action to recover 1100, claimed to be still owing to plaintiff from defendant for milk sold on commission. The only question is whether the money has been paid. The amount has, in fact, been paid by defendant to J ames H. Conklin, a son of plaintiff’s; and the dispute is whether, under the circumstances, the payment was really a payment to plaintiff.
The court directed a verdict for defendant, and plaintiff appeals.
The plaintiff had leased a farm from Mr. Ludington. and had made an agreement with James H. to work it on shares, James H. to have half the money coming from the sale of milk and from the proceeds of the farm. James H. negotiated the sale of milk with defendant’s agent. Checks were payable to plaintiff’s order. In January, James H. saw that plaintiff’s cows were advertised for sale, and there was quite a bill standing at the store. James H. applied to defendant’s agent for $100 on the milk account; and went with him to Hew York and obtained this sum from defendant, and applied it on the hill standing at the store. This bill was for feed furnished to the cattle on the farm. According to plaintiff’s testimony, James H. was to furnish one-half the feed until the fifteenth of May, and after that, all at his expense.
The plaintiff was living on the farm, and testifies that everything was done under his direction, and that the understanding was that he was to have exclusive control of everything. _ The milk was shipped in plaintiff’s name.
_ As a verdict was ordered for defendant, the plaintiff is entitled on this appeal to assume that the jury might have believed the testimony offered in his behalf.
There was no ownership in common of the household estate in the farm, or of plaintiff’s cattle kept thereon. The milk was not shipped in the joint names, but in the name of plaintiff, and the payments, therefore, were to be to the plaintiff. The mere fact that James H. was, for his services, to he paid one-half of the profits, did not make him a partner. Richardson v. Hughitt, 76 N. Y., 55; Burnett v. Snyder, 81 N. Y., 550; Putman v. Wise, 1 Hill, 234; Burckle v. Eckhart, 1 Den., 342; S. C., 3 N. Y., 132.
*626 We think that the court could not properly hold, as matter of law, that there was a partnership.
But it is said that James H. was agent of plaintiff. On plaintiff’s evidence, this could not be held as matter of law. The milk was shipped in plaintiff’s ‘ name. James H. did not tell defendant’s agent that he was to have an interest in the milk. According to plaintiff’s testimony, James H. was to furnish one-half the feed up to May 15, 1883, and all the feed after that date. The account at the store was James’ account for feed in February, March and April, 1883; and the $100 were applied on that account.
It cannot be said, as matter of law, that this money was applied on a debt owing by plaintiff. Nor can it be said, as matter of law, that defendant was justified as treating James H. as plaintiff’s agent.
We think that the court could not properly direct a verdict for the defendant. But we do not say what the jury might be justified in finding.
Judgment reversed, new trial granted, costs to abide event.