## HEIMSTREET *vs.* HOWLAND.

A right to a share of the profits *as such* is essential to constitute a person a partner. Therefore where one leased a ferry to another for a year, the latter to take charge of the business, pay all the expenses, and pay over to the lessor one-half of the gross receipts for ferriage ; *held* that the lessor was not a partner with the lessee even as to third persons.

CASE, for negligence by the servant of the defendant, who was, as alleged, the proprietor of a ferry across the Hudson river between Schagticoke and Stillwater, by means of which

Heimstreet *v.* Howland.

a span of horses belonging to the plaintiff which he was in the act of driving on to the ferry-boat were drowned.  Plea, not guilty.   The cause was tried at the Rensselaer circuit, in March, 1842, before Cushman, late Cir. Judge.

It was proved that the defendant was the lessee of the ferry for a term of years during which the loss happened in October, 1841.   In March, 1841, the defendant leased the ferry, with the ferry house, to one Bortle, for one year from that time, upon the following terms : Bortle was to take charge of the ferry, defray all the expenses and pay to the defendant one-half of the gross amount of ferriage which he might receive during the year.   This was proved by Bortle ; and he had charge of the ferry under this agreement, and one Meyers, a person employed by him, had the actual management of the boat when the accident happened.   After testimony on both sides on the question of negligence the evidence was closed, and the judge charged the jury that if the agreement for the leasing of the ferry to Bortle was as the latter had testified, the defendant and Bortle were partners as to third persons, and that the defendant was therefore responsible for the negligent acts of the person employed by Bortle in the business.  The defendant excepted. Verdict for the plaintiff.

*M. T. Reynolds,* for the defendant.   The amount to be paid by Bortle to the defendant was in the nature of a rent for the use of the ferry.   An agreement to pay the gross receipts of a business to a party, irrespective of the amount of profits realized, does not constitute such person a partner.   (*Coll. on Part.* § 5, *p.* 14 ; *Dry* v. *Boswell,* 1  *Camp.* 329 ; *Nish* v. *Small, id* 331, *n. ; Perrine* v. *Hawkinson,* 6  *Halst.* 184 ; *Bower* v. *Anderson,* 2 *Leigh,* 550.)

*J. Pierson,* for the plaintiff, referred to *Champion* v. *Bostwick,* (18  *Wend.* 175.)

*By the Court,* McKissock, J.   The charge of the learned circuit judge was erroneous.  Though two persons may be

partners as to the rest of the community, where one receives a share of the profits and yet pays no part of the expenses, that principle will not aid the plaintiff. There must, to constitute a partnership, be a vested interest in profits in the person sought to be charged as a partner, such as would for that reason alone entitle him to an account in equity against the other persons concerned in the business. This is not so where the party is entitled to compensation in proportion to a certain share in the profits. This distinction rests on salutary and substantial principles, whatever may have been sometimes said to the contrary. (*Champion* v. *Bostwick*, 18 *Wend.* 175 ; 3 *Kent's Com.* 3d ed. 32 ; *Perrine* v. *Hawkinson*, 6 *Halst.* 184; *Gow on Part.* 19, 20.)

New trial granted.