## MACY v. COMBS.

If all persons interested as plaintiffs should not be joined as such, and that fact should be developed upon the trial, it would perhaps be available as a bar to the action, or it might be taken advantage of by plea in abatement.

Whether the existence of certain facts shall constitute a partnership, often depends upon the intention of the parties interested, as between themselves, and evidence of such intention or understanding may be necessary, where any doubt exists, in order to ascertain the rule that should apply as to third persons.

A party who is not to receive a part of the profits *in specie*, but a sum of money calculated in proportion to a given quantity of the profits, is not held as a partner, even as to third persons, unless he has been guilty of fraud or held himself out as a partner.

Proof of the common reputation and understanding as to who were the proprietors of a certain tin-shop, is not admissible as evidence to establish a partnership.

APPEAL from the *Morgan* Common Pleas.

HANNA, J.—*Combs* sued *Macy*, before a justice of the peace, for certain articles purchased at a stove and tin-shop. *Macy* answered that one *Carlisle* was a partner when, &c., in the profits and losses of said shop.

There were several trials, with divers results. The defendant eventually appealed to the Common Pleas Court, where there was a trial, finding for plaintiff, and judgment. Several points are here made: *First*, upon the ruling of the Court in striking out the answer of the defendant; *second*, in refusing to dismiss the action; *third*, upon rulings in reference to

*Thursday, January* 24.

the introduction of evidence; *fourth*, in refusing a new trial.

As to the first point, the appellant relies upon 2 R. S., § 34, p. 455. This statute would, perhaps, require all persons interested, &c., to be joined as defendants; and, if not, then a plea in abatement might be available; but, if all persons interested as plaintiffs should not be joined as such, and the fact should be developed upon the trial, it would perhaps be available as a bar to the action; or it might be taken advantage of by plea in abatement.

The second objection is not well taken. It is urged that the justice had dismissed the suit, in pursuance of a verdict of a jury directing the action to be dismissed. The record shows that a new trial was granted upon motion, &c. That the parties appeared, &c.

The third point involves a ruling upon the exclusion, and also upon the reception, of evidence. That excluded, was evidence tending to show the general reputation, in the village where they resided and did business, in reference to a partnership between the plaintiff and *Carlisle*, in the stove and tin business.

That received, was that part of the evidence of *Carlisle* in which he stated that they were not in partnership. His whole evidence was, in substance, that at the time the articles were purchased, for which suit was pending, he was in the employ of the plaintiff in the stove and tin business, and sold to the defendant said articles, &c. That by the terms of their agreement, *Combs* was to furnish all the stock, pay the shop rent and the hands that worked in the shop; and witness was to attend to running a peddling wagon to sell the ware, &c., and attend about the shop when at home; and after paying for all goods and stock bought, and all shop liabilities and expenses, he was to have one half of the net profits of the business, to pay him for his services; that he had no interest in the suit, because he looked to plaintiff and not to persons trading with plaintiff for his pay; that by the arrangement between witness and plaintiff, he was not to be a partner, &c.

The evidence of several other witnesses was substantially the same, based upon information derived from *Carlisle*.

We think there was no error in receiving the evidence, as to the understanding between *Combs* and *Carlisle*, regarding the position they occupied toward each other; for, whether the existence of certain facts shall constitute a partnership, often depends upon the intention of the parties interested, as between themselves. *Loomis* v. *Marshall*, 12 Conn. R. 69; Story on Part. § 48, p. 76. It may, perhaps, also be necessary, where any doubt exists, to inquire into the intent and understanding of the parties themselves, to ascertain the rule that should apply as to third persons. *Id.* § 49, p. 78; 3 Kent's Com. Lect. 43.

That the parties to the agreement did not intend, as between themselves, to form a partnership, is clear; but there is much confusion, and not a little conflict, in the authorities, as to whether the facts, here detailed, should constitute them, in the eye of the law, partners, as to third persons; although they did not so intend. The agreement has apparently one of the marked characteristics which usually enter into a partnership, in, and including the division of, profits; namely, a share or interest in the profits. Story, *id.* p. 22; *id.* 91. *Waugh* v. *Carver*, 2 H. Blks. 235. But this must be a community of interest in the profits, and must be mutual, *id.*, and Collyer on Part., B. 1, p. 11; and by this mutuality is meant that each party has a specific interest as a principal. *Id.* 14, 15; Collyer on Part. 8–11. It appears also to be settled by weight of authority, that, even as to third persons, each party must have an interest in the profits, as profits, and not a stipulated proportion of the profits as a compensation for his labor. See the decisions sustaining this, collected in *Loomis* v. *Marshall*, 12 Conn. 69; and to the reverse, 17 Ves. 404. Unless in cases of fraud, or where the parties—Story 78, *id.* 86—or, at least, the one sought to be charged, have held themselves out as partners to third persons. In other words, if the party is not to receive a part of the profits *in specie*, but a sum of money calculated in proportion to a given quantity of the profits, then, even as to third persons, he would not be a partner, but an agent or servant. 1 Smith's L. Ca. p. 980, n. to *Waugh* v. *Carver ; Denny* v. *Cabot*, 6 Metcalf, 92; *Turner* v. *Bissel*, 14 Pick. 192;

Nov. Term, 1860.

MACY v. COMBS.

*Clement* v. *Hadlock*, 13 N. H. 185; *Champion* v. *Bostwick*, 18 Wend. 175; *id.* 70; *Norment* v. *Hull*, 1 Humphreys, 320; *Bull* v. *Shuberth*, 2 Maryl. 38; *Muzzy* v. *Whitney*, 10 Johns, 226; *Burckle* v. *Eckart*, 1 Denio, 337; *Heimstreet* v. *Howland*, 5 Denio, 68; *Bowyer* v. *Anderson*, 2 Leigh, 550; *Shropshire* v. *Shepherd*, 3 Al. 733; 6 *id.* 215.

In the case at bar, there is nothing showing that *Combs* and *Carlisle* held themselves out as partners. The business was conducted in the name of *Combs*. By no act of either party, is it shown that they held themselves out to the public as partners. No statement to that effect, by *Combs*, is shown; and such statements of *Carlisle* as were proved, were, except in one instance, in substance the same as he detailed in evidence. The evidence shows that *Carlisle* was to have one-half the net profits, and, as a consequence, was, in the calculation of such profits, to bear one half the losses, so long as they did not exceed the profits. If the evidence had stopped there, we can not see but that they would have been partners; but it further shows that, by an express understanding between them, they were not to be partners, and that *Carlisle* looked to *Combs*, and not to persons who might purchase, &c., for his pay.

It would thus appear, that although he was to have a sum equivalent to one half the net profits, yet it was not to be paid out of the profits nor to be a charge upon the same. For these reasons we think there was no partnership, and, as to that point, the motion for a new trial was correctly overruled.

On the question of the evidence offered and rejected, it was not proposed to prove that the parties had in any manner held themselves out as partners; but " what the common reputation and understanding as to who were the proprietors of the shop was, among the business men, and others who collected about and dealt at said shop, and with whom the parties associated familiarly." We do not believe the evidence was competent for the purpose for which it was offered. 2 Gr. Ev., § 483. Under the facts and circumstances of this case we can not disturb the judgment.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

W. R. *Harrison*, A. D. *Matthews*, J. W. *Gordon* and J. A. *Beal*, for appellants.

W. V. *Burns*, for appellee.