Catharine A. Abbott, Administratrix, etc., Appellant, *v.* The Johnstown, Gloversville and Kingsboro Horse Railroad Company, Impleaded, etc., Respondent.

A railroad corporation, organized under the general railroad act, has no authority, without the consent of the Legislature, to lease its road to an individual; and where it has so done it is responsible to the public for the manner of operating the road; as to the public, those operating it must be regarded as agents of the corporation. (Folger, J., dissenting.)

The right of incorporation conferred under the general law, like a special charter, is in the nature of a contract. In return for the powers and franchises granted, the corporation is placed under obligations to perform certain duties to the public, and it cannot, without the consent of the other party to the contract, change its terms or absolve itself from its obligations.

*Norton* v. *Wiswall* (26 Barb., 618), distinguished.

The clause in the act of 1864 (§ 2, chap. 582, Laws of 1864), requiring that where the railroad of any railroad corporation shall be leased to any other railroad, the lessee shall perform certain acts, does not confer power to lease, but applies only when such power has been conferred.

Accordingly *held* (Folger, J., dissenting), where a railroad corporation so organized, had leased its road without legislative authority, that it

remained liable for injuries caused by the negligence of those operating the road.

*It seems,* that it is competent for the Legislature, in granting permission to lease, to transfer all or any liability to the lessee.

(Argued January 19, 1880; decided February 3, 1880.)

APPEAL from a judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of defendant, The Johnstown, Gloversville and Kingsboro Railroad Company.

This action was brought to recover damages for alleged negligence causing the death of David H. Cuyler, plaintiff's intestate.

The facts appear sufficiently in the opinion.

*James M. Dudley,* for appellant. The corporation defendant was organized under the general railroad law of this State, and possessed no other power or properties than the statute creating it confers, either expressly or as incidental to its very existence. (4 Wheat. U. S., 636.) In undertaking to lease its road in the manner shown, the corporation exceeded its powers. (*Middlesex R. R. Co.* v. *Boston and Chelsea R. R. Co.,* 115 Mass., 347.) When a railroad company permits other companies or persons to run cars on its road, it is liable for damages caused by their negligence. (*Macon and Augusta R. R. Co.* v. *Mayes,* 15 Am. Rep., 678; *The Peoria and Rock Island R. R. Co.* v. *Lane,* 5 N. Y. W. Digest, 404; 26 Vt., 717; 20 Ill. Rep., 623; *Railroad Co.* v. *Brown,* 17 Wall., 445, 450; 1 Redfield on Railways [5th ed.], chap. 22, § 1, p. 616; *Nash* v. *Minneapolis Mill Co.,* 17 Albany L. J., 435; *Thorp* v. *New York Central and H. R. R. R. Co.,* 13 Hun, 70; *Mahony* v. *Atlantic, etc., R. R. Co.,* 63 Me., 68; Brice on *Ultra Vires,* 62.

*Ira D. Warren* for respondent. The lessee of the road alone was liable for the negligence of the driver. (*Norton* v. *Wiswall,* 26 Barb., 618; *Blake* v. *Ferris,* 5 N. Y., 48.) The

lease to Decker was not *ultra vires.* (Green's *Ultra Vires,* 103.)

CHURCH, Ch. J. The defendant corporation was organized under the general railroad act, and constructed and owns a horse railroad between the villages of Johnstown and Gloversville, and in 1875, leased the road for five years to the defendant Nicholas H. Decker, who was operating the road at the time the accident occurred, which resulted in the death of the plaintiff's husband, for compensation for which, the action was brought, it being alleged that the death was produced by the negligence of a driver. upon one of the cars. The trial judge dismissed the complaint as to the corporation defendant upon the ground that there was no privity between it and the deceased, and no relation between it and the driver to which the maxim *respondent superior* would apply. This decision was affirmed at the General Term, apparently upon the authority of *Norton v. Wiswall* (26 Barb., 618), which was an action against the lessor of a right of ferriage between Troy and West Troy, who had obtained the right as I infer from some public authority by license. I do not think the decision in that case is controlling in this. The licensee was an individual, and the right was not necessarily a corporate right, but might be enjoyed, and exercised, by a natural person, and there is nothing in its nature inconsistent with its being assigned, and hence the ordinary rule might well apply. (*Hall v. Sullivan R. R. Co.,* 21 Law Reporter, 138.) But in this case there are other considerations which should be regarded, in determining this question.

The creation of a corporation to construct and operate a railroad is the exercise of sovereign power, and includes the grant of important franchises. Such corporations have power to exercise the right of eminent domain, and various rights and privileges not possessed by natural persons. In return for which they are placed under obligation to perform certain duties to the public. It is true in this State that the right

to become incorporated, is secured by a general law, and any persons may avail themselves of it by complying with its provisions, but the public are secured by a variety of safeguards as to amount of capital, its payment, as to the mode of doing business, making returns, etc. Like a special charter the right conferred under the general law is in the nature of a contract. It follows that upon principles of public policy and the ordinary rules of law applicable to contracts that the corporation cannot without the consent of the other party, change its terms, or absolve itself from its obligations by any conventional arrangement made with third persons as to the control and management of its road.

We have been referred to no statute authorizing railroad corporations to lease their roads to individuals ; and without such authority they must be held responsible to the public for the manner of operating their roads, and as to the public those who operate the roads must be regarded as agents. The clause in the act of 1864, requiring lessees to perform certain acts, and specifying among lessees other railroad companies and *person or persons*, does not profess to confer power to lease, but is applicable only when such power has been obtained. It has been repeatedly held by the English courts that one road cannot lease itself to another, or to private persons without consent of parliament. (*Beman* v. *Rufford*, 6 Eng. Law & Eq., 106 ; *Great Northern Railway Co.* v. *The Eastern Counties R. Co.*, 12 id., 224 ; *Winch* v. *B. L. and C. Junc. R. Co.*, 13 id., 506.) The same doctrine has been held here. In *Railroad Co.* v. *Brown* (17 Wal., 445–450), the court said : "It is the accepted doctrine in this country that a railroad corporation cannot escape the performance of any duty imposed by its charter, or the general laws of the State, by a voluntary surrender of its road into the hands of lessees." In *Nelson* v. *The Vermont and Canada R. Co.* (26 Vt., 717), the court said : "Unless we can hold the defendants liable they might put their road into the hands of corporations or individuals of no responsibility." To the same effect is *M. and A. Railroad Co.*

v. *Mayes* (49 Ga., 355), and *Mahoney* v. *Atlantic and St. Lawrence R. Co.* (63 Maine, 68) ; and even when legislative permission has been obtained it has been said that the leasing company does not thereby absolve itself from all responsibility to the public. (1 Redfield on Railways, § 142 and notes.) But this I apprehend would depend upon the terms of consent. It is competent for the Legislature to transfer all or any liability to the lessees. It is suggested that some of these cases are not applicable for the reason that the duty omitted was specifically enjoined upon the leasing company. But whether the duty is specified in the charter or statute, or whether it arises from the relation which the leasing company bears to the public by the grant, does not seem to me to be material, nor do the cases proceed upon this distinction. The Legislature conferred upon the defendant corporation, a corporate existence to carry on the business of common carriers, and its obligation to properly discharge the duties of that position is as binding and operative as if specified in the act. The general railroad act requires corporations formed under it to start their trains at fixed times, to be noticed publicly, to furnish accommodations for all passengers and property, and to transport all persons and property on payment of fare or freight, and declares that they " shall be liable to the party aggrieved, in an action for damages for any neglect or refusal in the premises." The duty therefore to safely transport passengers may be regarded as prescribed by statute, and aside from this it is a duty incident to the business for which their corporate powers were conferred. No question is presented, arising from the fact that the deceased contracted with the lessee specially, as no such fact appears, nor does it appear but that the road was run in the name of the company, and it is not necessary to determine what effect such facts would have (if any) upon the liability of the company. It is sufficient that as the case appears the corporation defendant is responsible for the negligence which resulted in the death of the plaintiff's husband, and this seems to have been

the view taken by the company in providing in the lease for indemnity against liabilities of this character.

The judgment should be reversed, and a new trial granted, costs to abide the event.

All concur, except Folger, J., dissenting, holding, that though a railroad corporation may not have the right to lease its road, and may be answerable to the State for an omission to fullfil its duties to the public, yet a private person may not recover of it for the negligence of a servant, unless it is shown that he is the servant of the corporation, as in such case there is no privity between the person and the corporation.

Judgment reversed.