AUGUSTUS F. LATHAM, RESPONDENT, *v.* THE BOSTON, HOOSAC TUNNEL AND WESTERN RAILWAY COMPANY, APPELLANT.

*Corporation — liability of, for the negligence of a consolidation as a part of which it is engaged in running its road.*

In 1881 the defendant corporation attempted to consolidate with other companies and form a new corporation. In 1883 it was decided by the court that the attempt to form the new corporation was ineffectual, that the defendant had never ceased to exist as a corporation and that it should be treated as a valid existing corporate entity.

*Held*, that the defendant was liable for the damages sustained by the plaintiff by reason of an injury to his eye, occasioned by the negligence of the persons operating the road under the attempted consolidation.

APPEAL from the judgment, entered upon the verdict of the jury in favor of the plaintiff, and from an order denying a new trial made upon the minutes of the court. The action was brought to recover damages sustained by the plaintiff because of an injury to his eye, caused by the alleged negligence of the defendant. The defendant denied that it was operating the railway at the time of the injury. The facts in this respect were :

That the Boston Hoosac Tunnel and Western Railway Company, defendant, was formed by consolidation in 1880 of two corporations of the same name, one organized under the laws of the State of New York, and the other under the laws of the State of Vermont, which is known as the consolidation of 1880. In March, 1881, the said company attempted a consolidation with several other companies under the same name. The new organization, which was known as the consolidation of 1881, took control and management of the railway property, and continued to manage it until, on the 16th day of July, 1883, it was adjudged, by the Supreme Court of this State, in an action brought by the attorney general on behalf of the People, that the consolidation of 1881 was illegal and had been ineffectual to form a new corporation ; that it resulted in a mere association of the parties without corporate existence and must be dissolved. In making this decision the court protected the rights acquired under the consolidation of 1880, by deciding that the defendant never ceased to exist as a corporation, and in substance, that inasmuch as it had not voluntarily abandoned the exercise of its franchises, and as the railroad property had been continually operated (although by another association), it should be treated as a valid and existing corporate entity. The defendant, upon the trial, asked the court to dismiss the complaint on the ground that the defendant now in court was not operating the railroad property at the time of the alleged accident, but was in a state of quiescence or torpor, and that the road was being operated at the time mentioned by the consolidation of 1881, which went out of existence July 16, 1883.

The motion was denied and an exception taken.

*Thos. H. Hubbard*, for the appellant.

*A. J. Parker*, for the respondent.

LANDON, J.:

The defendant was one of the constituent companies out of which the association was formed which was intended to be a new corporation. As this association has been adjudged to have had no legal capacity to exist as a corporation, it follows, as was also adjudged, that the individual entity of the defendant was not merged in it. Therefore the defendant remained as an actor and participator in the association which did operate the railway, and thus one of the parties by whose negligence the plaintiff was injured. As such it was severally liable as one of the wrong-doers. (*Creed* v. *Hartmann*, 29 N. Y., 591; *Roberts* v. *Johnson*, 58 id., 613.)

If the association was the lessee of the railway, defendant as a constituent of the association was also one of the lessees. The defendant was not in a state of quiescence or torpor; instead of operating the road alone it operated it with others. The transfer of its railroad by the defendant to the association being without legislative authority, the defendant remained liable for injuries caused by those operating it. (*Abbott* v. *Johnstown, etc., Horse Railroad Co.*, 80 N. Y., 27.)

Upon the evidence in the case we do not think we ought to disturb the verdict.

Judgment and order affirmed, with costs.

LEARNED, P. J., concurred.

Present — LEARNED, P. J., and LANDON, J.

Judgment and order affirmed, with costs.