MARTHA C. DURFEE, Respondent, *v.* THE JOHNSTOWN, GLOVERSVILLE
AND KINGSBORO HORSE RAILROAD, Appellant.

*When a verdict is sustained by evidence — obligation of a railway corporation to the*
*public where its road and franchise are leased to an individual.*

Upon the trial of an action brought to recover damages for personal injuries,
testimony was introduced upon the trial by the plaintiff tending to show that
the plaintiff, while she was attempting to alight from a car of the defendant
corporation, was thrown to the ground and injured, by reason of the car
being started before she had sufficient time to free herself from it. On the
part of the defendant there was evidence that she had alighted from the car
and was entirely separate from it before it started. This question of fact was
submitted to the jury, which found for the plaintiff.
*Held,* the evidence was sufficient to support the verdict.
That whatever conclusion the court might reach thereon as an original propo-
sition, it was not authorized to set aside such a verdict as against the evidence.
A railway corporation cannot lease its road and franchise to an individual with-
out the consent of the Legislature, in such wise as to relieve itself from its
obligation to the public.

APPEAL by the defendant, the Johnstown, Gloversville and
Kingsboro Horse Railroad Company, from a judgment of the
Supreme Court in favor of the plaintiff, entered in the office of the
clerk of the county of Fulton on the 12th day of June, 1891, upon
a verdict for $800 rendered at the Fulton County Circuit, and from
an order made at the close of the trial denying the defendant's
motion for a new trial.

*R. P. Anibal,* for the appellant.

*J. A. Dennison,* for the respondent.

MAYHAM, P. J. :

This action was prosecuted by the plaintiff against the defendant
for an alleged injury claimed to have been suffered by the plaintiff
by reason of defendant's alleged negligence in the management of
its cars, by which plaintiff was injured. The complaint alleges that
the defendant was a domestic corporation, owning and operating
a horse railroad for the carriage of passengers and freight between
the villages of Johnstown and Gloversville in the county of Fulton;
that the plaintiff at the time of the alleged injury, was a passenger

on the cars of the defendant, and had paid the usual fees and charges for transportation, and that while she was such passenger, by the carelessness and negligence of the defendant, its servants and agents, without any negligence on her part, she was severely injured. The answer admits that the defendant was a domestic corporation, with the corporate name of Johnstown, Gloversville and Kingsboro Horse Railroad Company, and the owner of the horse railroad between the villages of Johnstown and Gloversville.

The answer, for a second answer or defense, alleges that the horse railroad owned by the defendant was, at the time of the commencement of the action, and for more than three years prior thereto had been, operated, managed and controlled solely by Henry Stoller and Michael R. Van Sickler as lessees, who, for that time had been operating, managing, controlling and using said horse railroad for carrying passengers, and that said lessees were solely and exclusively liable for all damages by their negligence, or the negligence of their servants or agents, in operating said Johnstown and Gloversville railroad.

The defendant alleged in its answer contributory negligence on the part of the plaintiff tending to produce the injury.

On the trial the plaintiff introduced evidence tending to show that she was injured by being thrown to the ground while attempting to alight from the car of the defendant by reason of the car being started before she had sufficient time to free herself from it, and several witnesses were examined as to the circumstances under which the alleged injury was inflicted and tending to support that theory.

On the part of the defendant there was evidence which the defendant claims tended to prove, and did prove, that the plaintiff alighted from the car, and was entirely separate from it before the car was started, and that contention seems to be supported by the testimony of several witnesses.

There was, therefore, such a clear conflict of evidence upon the subject of the cause of the injury as to make it a proper question to be submitted to, and passed upon by, the jury, and the jury having, under proper instructions from the court, passed upon that question and found in favor of the plaintiff, their verdict should be upheld, unless it should be found to be unsupported by the evidence, or

against a clear and decided preponderance of evidence in favor of the defendant.

We think the evidence sufficient to support the verdict, and whatever conclusion the court might reach upon this evidence as an original proposition, we do not feel authorized to set aside the verdict as against the evidence.

The remaining question is, whether the defendant, by its lease to Stoller and Van Sickler, can relieve itself from obligation to the traveling public for injuries inflicted by the negligent management of its railroad.

The case does not disclose that this railroad was leased with consent of or by any authority conferred upon it by the Legislature, and the lease was not executed to a railroad company

The law seems well settled that a railroad company cannot lease its road and franchise to an individual without the consent of the Legislature, so as to relieve it from its obligation to the public, and when a lease is effected to an individual the law seems to treat the lessee as the agent of the railroad company for the purpose of determining controversies between the public and such company. (*Abbott* v. *Johnstown, Gloversville & Kingsboro R. R. Co.*, 80 N. Y. 27; *Fisher* v. *The Metropolitan Elevated R. R. Co.*, etc., 34 Hun, 433; *Woodruff* v. *The Erie Railway Co. and Jewett, as Receiver,* 25 id. 246.)

From the authorities, it would seem to follow that if the plaintiff was injured by the operation of the railroad cars, or by the negligence of the person managing the same, although such person was employed by the lessee, still their negligence would, in law, be the negligence of the railroad company, and for injuries resulting from such negligence the railroad company is liable. The railroad company, a corporation organized under general laws, having leased its road without legislative authority, remained liable for injuries caused by the negligence of those operating the road.

This doctrine is not in conflict with the doctrine laid down in *Woodruff* v. *The Erie Railway Company*. In that case, the controverted question did not arise between the public and the railroad company, but was a dispute between the railroad company and the lessee, and the court held, that in such a controversy, the parties to

the lease were estopped as against each other from denying the validity of their contract.

In *Beveridge* v. *The New York Elevated R. R. Co.* (112 N. Y. 1), the question did not arise between the public and the railroad company, on a lease between it and an individual, but in that case one railroad company leased to another, as under the statute they may legally do.

The jury having passed upon the question of the negligence of the defendant's agent, and the question of the freedom from negligence on the part of the plaintiff, and no exceptions being urged here to the ruling of the judge, either in admitting or rejecting evidence or to his charge, we see no valid reason for reversing this judgment.

PUTNAM and HERRICK, JJ., concurred.

Judgment affirmed, with costs.