# New York Supplement

## VOLUME 50.

AND

# New York State Reporter,

## VOLUME 84.

---

## CAIN v. SYRACUSE, B. & N. Y. R. CO.

(Supreme Court, Appellate Division, Third Department. March 2, 1898.)

RAILROADS—CONTRACTS FOR USE OF ROAD—NEGLIGENCE OF COMPANY USING—
PERSONAL INJURIES.

Under Laws 1890, c. 565, § 78, as amended by Laws 1893, c. 433, authoriz-
ing any railroad corporation to contract with any other such corporation for
the use of their respective roads, the corporation owning such road did not
violate its corporate franchises in making such contract with another railroad
company, and in permitting it to run its trains on such road in accordance
therewith, so as to render it liable for the negligence of the servants of the
company so using such road.

Appeal from trial term, Cortland county.

Action by Margaret Cain against the Syracuse, Binghamton &
New York Railroad Company for personal injuries. From a judg-
ment dismissing plaintiff's complaint on defendant's motion for a
nonsuit (45 N. Y. Supp. 538), plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, MER-
WIN, and PUTNAM, JJ.

Jas. Dougherty, for appellant.
William S. Jenney, for respondent.

LANDON, J. The plaintiff was injured May 14, 1894, at a high-
way crossing over the defendant's railroad in Cortland county, in
this state, because, as she alleges, no bell was rung, or other notice
given of the approach to the crossing, at the same time, of a coal
train upon defendant's railroad. The coal train was not defendant's,
nor operated by it, but was the train of the Delaware, Lackawanna &

50 N.Y.S.—1

Western Railroad Company, and was then running in the sole charge of a conductor, and trainmen under him, in the employ of the latter company. The defendant is a domestic corporation, and owns and operates a line from Syracuse to Binghamton, in this state. The Delaware, Lackawanna & Western Railroad Company, which for convenience may be called the "Lackawanna Company," is a corporation of the state of Pennsylvania. In 1858, it entered into a contract with the defendant, which still subsists, by which it is allowed to run its coal trains over the railroad of the defendant; the defendant to keep the tracks in order, and to furnish facilities to enable the Lackawanna company to procure water and fuel; the superintendent of defendant to arrange the time tables; the conductors of the Lackawanna coal trains to be under his control, and subject to his orders. The officers of the two companies are the same, and their general manager the same. The defendant's superintendent had the power to discharge any of the employés of the Lackawanna company for misconduct upon defendant's road. The defendant's contention is that it did not actually or constructively do the acts of which the plaintiff complains. The plaintiff's contention is that the defendant, by accepting the benefits of its corporate franchise and privileges, assumed the obligation of so using them as to protect the public, and thus the plaintiff, from injury from their negligent use. By chapter 218, Laws 1839, § 1, it was provided that:

"It shall be lawful hereafter for any railroad corporation to contract with any other railroad corporation for the use of their respective roads, and thereafter to use the same in such manner as shall be prescribed in such contract. But nothing in this act contained shall authorize the road of any railroad corporation to be used by any other railroad corporation in a manner inconsistent with the provisions of the charter of the corporation whose railroad is to be used under such contract." Rev. St. (8th Ed.) 1771.

This provision was incorporated in the "Railroad Law" (chapter 565, Laws 1890, § 78), as amended by chapter 433, Laws 1893, as follows:

"Any railroad corporation or any corporation owning or operating any railroad or railroad route within this state may contract with any other such corporation for the use of their respective roads or routes, or any part thereof, and thereafter use the same in such manner and for such time as may be prescribed in such contract."

Thus the contract between the two corporations was a lawful one. The defendant did not violate its corporate franchises and privileges in making the contract with the Lackawanna company, and in observing its obligations on its part; that is, permitting the latter company to run its coal trains on its road. As the defendant did no unlawful act, or no lawful act in a negligent manner, causing damage to plaintiff, it is not liable to her.

The plaintiff cites Abbott v. Railroad Co., 80 N. Y. 27. But the point upon which that case turned was that the statute did not expressly authorize a railroad corporation to lease its railroad to an individual, and therefore the company was without excuse for the negligent use by its individual lessee of its corporate rights and privileges. This distinction, apparent from the case itself, is made in Woodruff v. Railway Co., 93 N. Y. 609. See, also, Philips v. Rail-

road, 62 Hun, 233, 16 N. Y. Supp. 909; Tierney v. This Defendant, 85 Hun, 148, 32 N. Y. Supp. 627. These cases, if any are needed, justify the holding that the supervisory right of control retained by the defendant does not aid the plaintiff, since she in no wise traces her injury to it. The plaintiff cites numerous cases in other jurisdictions which seem to support her contention, but those cases were not affected by statutes like ours.

Without passing upon the question of the plaintiff's contributory negligence, we affirm the judgment, with costs. All concur.