MARGARET CAIN, Appellant, *v.* THE SYRACUSE, BINGHAMTON AND
NEW YORK RAILROAD COMPANY, Respondent.

*Action against a domestic railroad corporation for the wrongful acts of a foreign
railroad corporation done while using the former company's railroad under a
contract for such use.*

An action to recover damages for injuries sustained at a highway crossing, through
the negligence of a foreign railroad corporation running its trains over a rail-
road under a contract made by it with a domestic railroad corporation owning
the road, is not maintainable against the latter corporation, the contract allow-
ing such use of the road by the first-mentioned company being authorized by
the Railroad Law (1890, chap. 565, § 78, as amended by chap. 433 of 1893).

APPEAL by the plaintiff, Margaret Cain, from a judgment of the
Supreme Court in favor of the defendant, entered in the office of

the clerk of the county of Cortland on the 21st day of May, 1897, upon the dismissal of the complaint by direction of the court after a trial before the court and a jury, with notice of an intention to bring up for review upon such appeal an order entered in said clerk's office on the 21st day of May, 1897, granting the defendant's motion for a nonsuit.

*Nathan L. Miller,* for the appellant.

*William S. Jenney,* for the respondent.

LANDON, J.:

The plaintiff was injured May 14, 1894, at a highway crossing over the defendant's railroad in Cortland county in this State, because, as she alleges, no bell was rung or other notice given of the approach to the crossing at the same time of a coal train upon defendant's railroad. The coal train was not defendant's, nor operated by it, but was the train of the Delaware, Lackawanna and Western Railroad Company, and was then running in the sole charge of a conductor, and trainmen under him, in the employ of the latter company.

The defendant is a domestic corporation, and owns and operates a line from Syracuse to Binghamton in this State. The Delaware, Lackawanna and Western Railroad Company, which for convenience may be called the Lackawanna Company, is a corporation of the State of Pennsylvania. In 1858 it entered into a contract with the defendant, which still continues, by which it is allowed to run its coal trains over the railroad of the defendant; the defendant to keep the tracks in order and to furnish facilities to enable the Lackawanna Company to procure water and fuel; the superintendent of defendant to arrange the time tables; the conductors of the Lackawanna coal trains to be under his control and subject to his orders. The officers of the two companies are the same, and their general manager the same. The defendant's superintendent had the power to discharge any of the employees of the Lackawanna Company for misconduct upon defendant's road.

The defendant's contention is that it did not actually or constructively do the acts of which the plaintiff complains. The plaintiff's contention is that the defendant, by accepting the benefits of its cor-

porate franchise and privileges, assumed the obligation of so using them as to protect the public, and thus the plaintiff, from injury from their negligent use.

By chapter 218, Laws of 1839, section 1, it was provided that "It shall be lawful hereafter for any railroad corporation to contract with any other railroad corporation for the use of their respective roads, and thereafter to use the same in such manner as may be prescribed in such contract. But nothing in this act contained shall authorize the road of any railroad corporation to be used by any other railroad corporation in a manner inconsistent with the provisions of the charter of the corporation whose railroad is to be used under such contract." (3 R. S. [8th ed.] 1771.)

This provision was incorporated in "The Railroad Law" (Chap. 565, Laws of 1890, § 78, as amended by chap. 433, Laws of 1893), as follows: "Any railroad corporation, or any corporation owning or operating any railroad or railroad route within this State, may contract with any other such corporation for the use of their respective roads or routes, or any part thereof, and thereafter use the same in such manner and for such time as may be prescribed in such contract.

Thus, the contract between the two corporations was a lawful one. The defendant did not violate its corporate franchises and privileges in making the contract with the Lackawanna Company, and in observing its obligations on its part, that is, permitting the latter company to run its coal trains on its road. As the defendant did no unlawful act, or no lawful act in a negligent manner, causing damage to plaintiff, it is not liable to her.

The plaintiff cites *Abbott* v. *Johnstown, etc., R. R. Co.* (80 N. Y. 27). But the point upon which that case turned was that the statute did not expressly authorize a railroad corporation to lease its railroad to an individual, and that, therefore, the company was without excuse for the negligent use by its individual lessee of its corporate rights and privileges. This distinction, apparent from the case itself, is made in *Woodruff* v. *Erie Ry. Co.* (93 N. Y. 609). (See, also, *Phillips* v. *Northern R. R. of N. J.*, 62 Hun, 233 ; *Tierney* v. *Syracuse, B. & N. Y. R. R. Co.*, 85 id. 148.) These cases, if any are needed, justify the holding that the supervisory right of control retained by the defendant does not aid the plaintiff, since she in no wise traces her injury to "a failure to exercise it."

The plaintiff cites numerous cases in other jurisdictions which seem to support her contention, but those cases were not affected by statutes like ours.

Without passing upon the question of the plaintiff's contributory negligence, we affirm the judgment, with costs.

All concurred.

Judgment affirmed, with costs.