### DECKER v. ERIE R. CO. et al.

(Supreme Court, Appellate Division, Second Department. June 12, 1903.)

1. RAILROADS—CROSSING ACCIDENT—GRANT OF TRACKAGE RIGHTS—CONTROL OF CREWS—LIABILITY OF GRANTOR.

Under an agreement for trackage rights, providing that the premises included shall be maintained and operated by the grantor; that the grantee's trains shall be subject to the grantor's rules and control, and the train crews subject to the grantor's "exclusive" control, and no person employed therein except on the grantor's approval; and that any member of a crew may be forbidden to run on the lines at any time by the grantor—the grantor becomes responsible for the negligence of a crew in charge of the grantee's trains, whereby a crossing accident is occasioned.

Goodrich, P. J., and Woodward, J., dissenting.

Appeal from Trial Term, Orange County.

Action by John S. Decker against the Erie Railroad Company and another. From a judgment dismissing the complaint against the Erie Railroad Company, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Thomas Watts, for appellant.

Henry Bacon, for respondent.

HOOKER, J. This action was brought against the Erie Railroad Company, the respondent, and the Lehigh & New England Railroad Company. Each of these defendants appeared and answered separately. At the close of the plaintiff's case a motion was made to dismiss the complaint as to the Erie Railroad Company on the ground that there was no legal connection established between that company and the persons whose negligence it was claimed produced the accident. This motion was granted, and from the judgment entered thereon the plaintiff appeals to this court.

The plaintiff was injured at a railroad crossing on the Pine Island Railroad, near Goshen, in October, 1900; and his claim is that no signal was given by the bell or whistle from the train by which he was struck, and no headlight was carried by the engine which struck him. It was stipulated on the trial that the train in question was one belonging to the Lehigh & New England Railroad Company.

The plaintiff introduced in evidence two agreements. The first was a lease between the Goshen & Deckertown Railroad Company and the respondent of the tracks and the property of the first-named road. It was under this lease that the respondent was in possession of the railroad upon which this accident occurred. The second was an agreement between the two defendants in this case, entered into in January, 1897, under which the Lehigh Railroad operated trains over the tracks owned by the Goshen & Deckertown Railroad Company. That agreement recited that the Lehigh Company desired to obtain trackage rights from Pine Island to Goshen, and provided for the division of the proceeds of the business done by the trains of that company, which was authorized to run and operate its passenger and freight trains over the tracks in question. The agreement further provided:

"The railroads and premises included herein shall at all times be maintained and operated during the continuance of this contract by the Erie Company exclusively. The Lehigh Company's trains shall be run on schedules approved by the Erie Company and shall at all times, while on the premises covered by this contract, be subject to the latter company's rules, regulations, orders and control. The train crews and engine crews of the Lehigh Company, while on the premises included herein, shall be subject to the exclusive control of the Erie Company. No person shall be employed in the train crews or engine crews, of the Lehigh Company, unless approved by the Erie Company, and any member of the train crews or engine crews of the Lehigh Company may be forbidden to run on the lines included herein, at any time, by the Erie Company."

The evidence introduced by the plaintiff was such as to require the question of negligence of the persons in charge of the locomotive by which the plaintiff was struck to be submitted to the jury, and the question presented upon this appeal is, therefore, whether the respondent is liable for the negligent acts of the members of the train or engine crew which inflicted the injury.

This is a case where the doctrine of respondeat superior applies, and it must be held that the Erie Railroad Company is liable for the

acts of those whose conduct is in question. The Erie Company assumed entire control and authority over the train and engine crews, and it cannot escape liability for their acts. The gist of the rule as to whether or not defendants are liable as the master of those whose negligent acts have resulted in the infliction of injuries to others has been whether the parties sought to be held have assumed control either of the work or the workmen—whether they had the right of selection, of direction, and of discharge. McCafferty v. Spuyten Duyvil & Port Morris R. Co., 61 N. Y. 178, 19 Am. Rep. 267, and cases cited. These privileges the respondent in this case specifically reserved to itself in the agreement between it and the Lehigh & New England Railroad Company. It would be difficult to imagine a case where a party might have more exclusive control or complete command of servants than the respondent possessed of the train and engine crews in charge of the Lehigh & New England Company's train in this case. Cain v. Syracuse, B. & N. Y. R. Co., 27 App. Div. 376, 50 N. Y. Supp. 1, is relied upon by the appellant. That is distinguishable from the case at bar. There the conductors alone of the Lackawanna coal trains were to be under the control and orders of the superintendent of the defendant, and power was lodged in him to discharge any employés of the Lackawanna Company for misconduct upon defendant's road. Here the entire train and engine crews of the Lehigh Company were subject to the exclusive control of the respondent. The use of the word "exclusive" is significant. Under the terms of the contract, the Lehigh Company was powerless to direct or command in the premises while the train crews were upon the Goshen & Deckertown Railroad tracks. These crews were not only subject to the control of the respondent, which possessed also the power to discharge, but this control was exclusive in it.

These views lead to a reversal of the judgment and a new trial; costs to abide the event.

BARTLETT and JENKS, JJ., concur.

GOODRICH, P. J. I dissent from the result reached by a majority of my associates.

The plaintiff sued the Erie Railroad Company and the Lehigh & New England Railroad Company for damages occasioned by the negligent running of a train of the Lehigh Company. The complaint alleged that the Erie Company was leasing, controlling, and operating a railroad owned by the Goshen & Deckertown Railroad; that the Lehigh Company, by virtue of an agreement with the Erie Company, used the tracks of the latter company, and ran and operated its engines and trains thereon; that, while the plaintiff was attempting to drive a wagon across the track at a regular highway crossing in Goshen, he was—

"By the carelessness, recklessness, or negligence of the defendants, their agents or employés, struck and run into by an engine and train of cars which was running for the defendant Lehigh & New England Railroad Company, and in its service, being operated by and under the management of the said defendant; * * * that, before crossing or attempting to cross said rail-

road track on said highway as aforesaid, he saw no signal of any kind to warn him of the approach of said engine and train of cars, and that there was no signal of any kind displayed to him; that he heard no bell rung or whistle blown on the locomotive of said train; and the plaintiff alleges, upon information and belief, that the said defendant Lehigh & New England Railroad Company, its servants or employés, carelessly and recklessly neglected to ring said bell or blow said whistle on said locomotive, or give any signal whatever to warn this plaintiff of the approach of said engine and train of cars, and that the said defendant, its agents or employés, negligently and carelessly omitted to have the headlight upon said engine lighted, and that the said engine and train of cars was carelessly, recklessly, and negligently propelled through said village, and up to, over, and across said highway, in an unlawful and dangerous manner."

There was evidence sufficient to require the submission to the jury of the question of the negligence of the engineer, and it was conceded by the plaintiff that the train was a Lehigh train. The only evidence as to the liability of the Erie Company was contained in an agreement between the two companies which authorized the Lehigh Company to use jointly with the Erie Company the said tracks, and to run and operate its freight and passenger trains thereon; the Lehigh Company and the Erie Company receiving each a proportionate part of the gross receipts. The agreement also contained the following provision:

"The railroads and premises included herein shall at all times be maintained and operated during the continuance of this contract by the Erie Company exclusively. The Lehigh Company's trains shall be run on schedules approved by the Erie Company and shall at all times, while on the premises covered by this contract, be subject to the latter company's rules, regulations, orders and control. The train crews and engine crews of the Lehigh Company, while on the premises included herein, shall be subject to the exclusive control of the Erie Company. No person shall be employed in the train crews or engine crews, of the Lehigh Company, unless approved by the Erie Company, and any member of the train crews or engine crews of the Lehigh Company may be forbidden to run on the lines included herein, at any time, by the Erie Company. The Lehigh Company's trains of all classes shall have the same rights on the premises included herein, as are accorded to similar trains of the Erie Company."

The court dismissed the complaint as to the Erie Company, and this appeal brings before us the question whether that company is responsible for the negligence of the engineer or other persons running the train in question.

In Philips v. Northern R. R. of New Jersey, 62 Hun, 233, 16 N. Y. Supp. 909, the plaintiff was injured while attempting to board a car. She had purchased a ticket of the defendant, but, at a place outside of the limits of her ticket, was attempting to get on a train which was being run over the defendant's tracks by the Erie Railroad Company under an agreement between the two companies. The court held that her cause of action arose ex delicto, and not ex contractu, saying:

"The plaintiff's cause of action rests solely, if it exists at all, upon some negligence on the part of those who were controlling and operating the train from which she received her injuries; and the train was being operated, and was, in its movements, under the control of the Erie Railway Company alone. The lease or contract put in evidence by the defendant, in substance, transfers the control, management, and operation of the trains from the defendant to the Erie Railway Company, at a compensation of sixty-five per cent. of

the gross receipts. * * * As the contracting parties were not to share in profit and loss, but were to receive simply a fixed share of the gross earnings, the agreement would scarcely constitute a partnership, even at common law. * * * If, then, the plaintiff were, in truth, injured through any negligence of the conductor or brakeman of the train in question, she could not, under any head of the doctrine of respondeat superior, hold the defendant liable. The Erie Railway Company was the only principal responsible in such a case."

The difference between the Philips Case and that at bar is the fact that the agreement in the Philips Case contained nothing analogous to the clause above quoted from the agreement between the defendant and the Erie Company, as may be seen from an examination of the record on appeal in the Brooklyn Law Library. But this case was cited and followed in Cain v. Syracuse, B. & N. Y. R. Co., 27 App. Div. 376, 50 N. Y. Supp. 1—an action to recover damages for injuries received at a highway crossing through the negligence of the Delaware, Lackawanna & Western Railroad Company, which was running its trains over tracks owned by the defendant, under an agreement between the two, by which the superintendent of the defendant was to arrange time-tables, and the conductors of the Lackawanna Company's trains were to be under his control and subject to his orders. The defendant's superintendent had the power to discharge any of the employés of the Lackawanna Company for misconduct upon the defendant's road. The negligence charged was the failure to ring a bell or give any signal of the approach of the train to the crossing. It was held by the court that such an agreement was authorized by section 78 of the Railroad Law (Laws 1890, p. 1106, c. 565), and that the defendant could lawfully permit the Lackawanna Company to run its trains over its road, and that as the defendant did no unlawful act, or no lawful act in a negligent manner, causing damage to the plaintiff, it was not liable to her. There is a reference by the court to authorities which, in its opinion, justified "the holding that the supervisory right of control retained by the defendant does not aid the plaintiff, since she in no wise traces her injury to a 'failure to exercise it.'" The clause in the agreement between the present defendant and the Erie Company is somewhat broader in language, but its effect upon the liability of the Erie Company to the plaintiff is not greater. It does not make the engineer the agent of the defendant in the details of running the trains of the Lehigh Company, so as to include sounding the whistle or ringing a bell at a crossing, or having the headlight of the engine lighted. In such matters he was the servant of the Lehigh Company, whose train he was running. It is true that the contract provides that while running on the track in question the train and engine crews shall be subject to the exclusive control of the Erie Company, and that no person shall be employed in such capacity except on the approval of the Erie Company, and that any such persons may be forbidden by it to run over such track. But this provision does not render the Erie Company responsible for the details of the methods of running trains. We are not deciding the question whether the Erie Company would be liable to a passenger of the Lehigh Company for an injury occasioned through the employment of an incompetent servant, nor for a cause of action arising on contract, but simply the question as to a liability

arising ex delicto; and for such cause of action the Erie Company cannot be held liable because the engineer of the Lehigh Company may have been guilty of negligence in the management of his engine and in giving proper signals of his approach to a crossing. In the language of the Cain Case, supra, the accident to the plaintiff did not result from, and cannot be traced to, the failure of the Erie Company to exercise its supervisory power over the employés of the Lehigh Company whose negligence caused the injury.

For these reasons, the judgment should be affirmed.

WOODWARD, J., concurs.