PENNSYLVANIA STEEL CO. et al. v. NEW YORK CITY RY. CO. et al.

(Circuit Court of Appeals, Second Circuit. November 18, 1915.)

No. 152.

STREET RAILROADS ☞78—LEASE—LIABILITY OF LESSOR FOR TORTS OF LESSEE.

The lease of its system by the Metropolitan Street Railway Company to the New York City Railway Company, executed February 4, 1902, under authority conferred by the New York statute (now section 148 of the Railroad Law [Consol. Laws, c. 49]), *held* valid, following prior decisions of the court; also, adopting the construction of the statute given it by the Court of Appeals of the state, the Metropolitan Company *held* not liable jointly with its lessee for torts committed by the latter in its operation of the system.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 166–171; Dec. Dig. ☞78.]

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by the Pennsylvania Steel Company and another against the New York City Railway Company and others. From an order confirming report of special master in what is known as the "Joint and Several Liability Proceedings," Charles Benner and others, as a tort creditors' committee, and Mollie Latta, as administratrix, appeal. Affirmed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Charles Benner, of New York City (J. Rosenzweig, of New York City, of counsel), for appellants Benner et al., tort creditors' committee.

J. R. Abney, of New York City, for appellant Latta.

R. R. Rogers, of New York City, for New York Rys. Co.

Masten & Nichols, of New York City (A. H. Masten and William M. Chadbourne, both of New York City, of counsel), for Robinson, as receiver.

Before COXE, WARD, and ROGERS, Circuit Judges.

WARD, Circuit Judge. Persons who have recovered judgments for personal injuries against the New York City Railway Company, represented throughout these proceedings by a committee called the "tort creditors' committee," and one Mollie L. Latta, separately represented, insist that the Metropolitan Street Railway Company and the New York City Railway Company are jointly and severally liable for payment of their claims.

February 14, 1902, the Metropolitan Company leased its property and franchises for the term of 999 years to the New York City Company. It was authorized to do this by the Railroad Law of the state of New York then in force. Chapter 433, Laws 1893, now section 148 of the Railroad Law. The tort creditors contend that, notwithstanding the lease, the lessor remains liable for any negligence in operation by the lessee, because there is no express exemption of the lessor in the statute. The Court of Appeals of the state of New York has construed this law as relieving the lessor corporation of any such liability. Miller v. New York, Lackawanna & Western Ry. Co., 125 N. Y. 118, 26 N. E. 35. Similar laws in some other jurisdictions have been differently construed; the courts holding that to relieve the lessor there must be an express exemption in the statute. There is no authority in the Supreme Court controlling us.

Two cases are relied upon by the appellants. In Railroad Co. v. Brown, 17 Wall. 445, 21 L. Ed. 675, the plaintiff was a passenger traveling on a ticket of the lessor railroad company. The act complained of was an assault in the District of Columbia, where the road was being operated by equitable receivers of the company; the balance of the road in Virginia being operated by the individual lessees. Mr. Justice Davis held: First. That a railroad company could not escape from its charter duties by a voluntary surrender of its road to lessees. He was considering whether there was any difference between an operation under a lease from the company and under receivers appointed by the court. A lease without the consent of the state would be invalid. Thomas v. Railroad Co., 101 U. S. 71, 25 L. Ed. 950; Abbott v. Railroad Co., 80 N. Y. 27, 36 Am. Rep. 572. At all events there was no reference to any statute authorizing the lease in question, and of course no reference to any judicial decision construing such statute. Second. As the lessor company allowed tickets to be issued in its name over the whole line, on one of which the plaintiff was traveling at the time of the acts complained of, it was liable in contract to her. There is no such feature in the case under consideration. The other case, Chicago, Burlington & Quincy R. R.

Co. v. Willard, 220 U. S. 413, 31 Sup. Ct. 460, 55 L. Ed. 521, arose out of an accident in the state of Illinois, whose statute had been construed by the Supreme Court of that state as not exempting the lessor. There being no case controlling us, we are content, even if it is not binding upon us, to adopt the construction of the New York statute given it by the Court of Appeals of that state. See also Cain v. Railroad Co., 27 App. Div. 376, 50 N. Y. Supp. 1.

The tort claimants further contend that, notwithstanding the lease to the City Company, the Metropolitan Company still remained, or at least soon thereafter became, the real and actual operator of the property; the City Company being a mere dummy. Proofs on this subject were presented in the proceeding called the "Validity of Lease Proceeding." The question was elaborately argued before the special master, who held the lease valid and binding upon the City Company and its creditors. His first conclusion of law was as follows:

"From April 1, 1902, to September 24, 1907, and at all times during said period, the lease dated February 14, 1902, between Metropolitan Street Railway Company and Interurban Street Railway Company was a valid, subsisting contract, and binding in its terms upon Interurban Street Railway Company (now New York City Railway Company), and enforceable at law and in equity. Said lease cannot be avoided or set aside by New York City Railway Company or its creditors, but said creditors in any proceeding duly instituted for that purpose nevertheless have the right to present all contentions involving the marshaling of all claims against the New York City Railway Company, including all liabilities arising under the lease."

Upon exceptions to this report it was confirmed by the court below, whose decree upon similar exceptions was affirmed by this court. We expressly held that nothing had been proved by virtue of which the lease could be held invalid, but that the contention of the tort creditors for priority of payment over the Metropolitan Company out of the New York City Company estate was not involved, and therefore not decided. Penna. Steel Co. v. New York City Railway Co., 198 Fed. 765, 117 C. C. A. 503.

Subsequently the claim in this shape, viz., of priority over claims of the Metropolitan Company was presented in what is called the "Preference Proceeding." In it there was a great mass of testimony as to the intercorporate relations of the two companies; as to the continuation by the City Company of the Metropolitan Company's operating force; of common directors in both companies; of payments of rent by the City Company in the form of dividends to the stockholders of the Metropolitan Company, while the City Company was incurring larger and larger annual deficits; in short, of all the grounds now relied on for claiming that both companies are jointly and severally liable to the tort creditors. The special master and District Court both denied the preference claimed. Upon appeal to this court the order was affirmed. Penna. Steel Co. v. New York City Railway Co., 216 Fed. 473, 132 C. C. A. 518. We held that the creditors of the New York City Company had no priority, that the lease was valid, and that the payment of dividends to the stockholders of the Metropolitan Company was lawful, even if preferential, and that any other conclusion would be manifestly inequitable.

229 F.—24

In the proceeding now under consideration the special master held that the tort creditors could not prove at all against the estate of the Metropolitan Company:

"First. From April 1, 1902, to September 24, 1907, and at all times during said period the lease dated February 14, 1902, between the Metropolitan Street Railway Company and the Interurban Street Railway Company was a valid existing contract and binding in its terms upon the Interurban Street Railway Company (now New York City Railway Company), and enforceable at law and in equity. Said lease cannot be avoided or set aside by the New York City Railway Company or its creditors.

\* \* \* \* \* \* \* \* \* \*

"Fourth. All claims of tort claimants allowed against New York City Railway Company should be dismissed as against the Metropolitan Street Railway Company and its estate."

This was confirmed by the court below, Judge Lacombe saying:

"Every proposition advanced in support of the exceptions has been decided adversely to proponent in other proceedings in these causes. The brief seems to concede that this is so, so far as the District Court is concerned. Apparently this present proceeding is brought in the hope that upon appeal, reargument may induce some modification of prior deliverances of the Circuit Court of Appeals. That being so, the record need not be encumbered with an additional opinion. Exceptions are overruled, and report of special master confirmed."

If the Metropolitan-City lease is valid, and if the tort creditors have no priority over the Metropolitan Company as against the City Company's estate, all of which has been decided, we discover no possible ground for holding that they have any claim against the Metropolitan Company estate, or that both companies are jointly and severally liable to them. Our former decisions, which we have no disposition to disturb, are decisive of the question.

The decree is affirmed.

ROGERS, Circuit Judge. I concur in the result on the sole ground that the question involved has been settled by the previous decision of this court. I do not, therefore, find it necessary to inquire whether a railroad company can escape from its charter duties by its voluntary surrender of its road to another corporation, where the stockholders and officers of the two corporations are practically identical.